IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BLAIR,               ) | No. C 09-6048 LHK (PR) |
|                           ) | |
| Petitioner,   ) | ORDER GRANTING MOTION |
|                           ) | TO DISMISS |
| v.                        ) | |
|                           ) | |
| ROBERT K. WONG, Warden,   ) | |
|                           ) | |
| Respondent.   ) | |
|                           ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole.

According to the petition, Petitioner was convicted in 1983 of second degree murder, and was sentenced to seventeen years to life in state prison. In 2008, the Board found Petitioner suitable for parole. Later that year, the Governor of California reversed the Board's decision to grant parole. After exhausting his state court remedies, Petitioner filed the underlying federal habeas petition.

On August 19, 2010, Respondent filed a motion to dismiss the case as moot because Petitioner was released on parole on July 31, 2010. Where a prisoner seeks release on parole and does not challenge the validity of his conviction, his habeas petition becomes moot once he is

1 released on parole. *See Fendler v United States Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir.
2 1988); *see also Burnett v. Lampert*, 432 F.3d 996, 999-1001 (9th Cir. 2005) (finding habeas
3 petition still moot after petitioner violated parole and was reincarcerated); *Reimers v Oregon*,
4 863 F.2d 630, 632 (9th Cir. 1988) (a moot action is one in which the parties lack a legally
5 cognizable interest in the outcome).

6 In his federal petition, Petitioner claimed that the Governor's 2008 reversal of the
7 Board's grant of parole violated his right to due process. Because Petitioner has now been
8 released on parole, does not challenge his conviction, and is subject to a lifetime parole term, *see*
9 *Boyd v. Salazar*, 2009 WL 2252507 (C.D. Cal. July 28, 2009) (citing *In re Chaudhary*, 172 Cal.
10 App. 4th 32, 34 (2009)); *Irons v. Sisto*, 2009 WL 2171084, at *3 (E.D. Cal. July 20, 2009)
11 (same), he lacks a cognizable interest in the outcome of this action. *See Reimers*, 863 F.2d at
12 632. That the relief he seeks may result in the possible earlier termination of parole supervision
13 does not circumvent mootness. *See Fendler*, 846 F.2d at 555 (rejecting claim of exception to
14 mootness by federal prisoner who could seek review of his eligibility for early termination of
15 parole by applying to the parole commission). Accordingly, the petition for a writ of habeas
16 corpus under 28 U.S.C. § 2254 is DISMISSED as moot.

17 In addition, the Court notes that on August 18, 2010, mail sent to Petitioner was returned
18 as undeliverable because Petitioner had been paroled. As of the date of this order, Petitioner has
19 not updated his address with the Court or submitted any further pleadings in this case.

20 Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address
21 changes while an action is pending must promptly file a notice of change of address specifying
22 the new address. *See* L.R. 3-11(a). The Court may, without prejudice, dismiss a petition when:
23 (1) mail directed to the *pro se* party by the Court has been returned to the Court as not
24 deliverable, and (2) the Court fails to receive within sixty days of this return a written
25 communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b). More than
26 sixty days have passed since the mail sent to Petitioner by the Court was returned as

27
28

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.LHK\HC.09\Blair048dismoot.wpd         2

1  undeliverable. The Court has not received a notice from Petitioner of a new address.
2  Accordingly, the petition is DISMISSED pursuant to Rule 3-11 of the Northern District Local
3  Rules.
4       The Clerk shall enter judgment in accordance with this order and close the file.
5       The federal rules governing habeas cases brought by state prisoners require a district
6  court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its
7  ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective
8  December 1, 2009). For the reasons set out in the discussion above, Petitioner has not shown
9  "that jurists of reason would find it debatable whether the petition states a valid claim of the
10 denial of a constitutional right [or] that jurists of reason would find it debatable whether the
11 district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
12 Accordingly, a COA is DENIED.
13      IT IS SO ORDERED.
14 DATED:  10/26/2010                         *Lucy H. Koh*
                                              LUCY H. KOH
15                                            United States District Judge

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.LHK\HC.09\Blair048dismoot.wpd    3